# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0199-25** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **MARTIN LOPEZ** | : | |

## MEMORANDUM

Presently before the court is the motion (Doc. 980) of defendant Martin Lopez (hereinafter "defendant" or "Martin")[1] to sever all charges against him for a separate trial and to transfer venue in his case to the United States District Court for the Northern District of Illinois. For the reasons that follow, the motion will be denied.

## I.    Factual Allegations

The third superceding indictment (Doc. 828) contains eight separate counts against various permutations of the ten defendants named therein. Counts 1 and 2 charge all defendants with conspiracy to distribute various controlled substances and with distribution and possession with the intent to distribute cocaine hydrochloride. Count 4 contains a forfeiture charge identifying fourteen articles of property that all defendants allegedly derived from the substantive drug-trafficking

---

[1] The court will refer to defendant by his forename to alleviate confusion between Martin and co-defendant Rogelio Lopez and to maintain consistency with the simultaneously issued memorandum and order (Doc. 1048) disposing of Martin and Rogelio's joint motion to suppress evidence. The record contains no evidence of a familial relationship between Rogelio and Martin.

offenses. The remaining counts of the indictment do not affect the above-captioned defendant.

Martin moves to sever all charges against him because his alleged criminal conduct occurred in Chicago, and he has no connection with the Middle District of Pennsylvania. He requests that the court transfer venue to the Northern District of Illinois, where his alleged offenses occurred. The parties have fully briefed this motion, which is now ripe for disposition.

## II.  Discussion

Martin advances several grounds for severance and transfer. First, he contends that the charges against him were improperly joined with those against his co-defendants. Second, he contends that the court should sever the charges against him notwithstanding the propriety of joinder because he will suffer prejudice if all counts of the indictment proceed to trial simultaneously. Finally, he requests that the court transfer his case to the Northern District of Illinois. The court will address these issues *seriatim*.

### A.  Joinder of Offenses

"There is a preference in the federal system for joint trial of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Rule 8 of the Federal Rules of Criminal Procedure reflects this liberal joinder policy, allowing the government to advance multiple charges against multiple defendants in a single indictment. United States v. Brown, No. 1:CR02-146-02, 2002 WL 32739530, at *3 (M.D. Pa. Dec. 17, 2002) (quoting United States v. Bullock, 71 F.3d 171, 174 (5th Cir.

2

1995)) ("Joinder of charges is the rule rather than the exception[,] and Rule 8 is construed liberally in favor of initial joinder."). Rule 8(a) permits joinder of several counts against a single defendant if the counts "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). Similarly, Rule 8(b) authorizes joinder of multiple defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). Rule 8(b) provides the applicable standard when one defendant of many named in an indictment challenges the joinder of the charges against him or her. United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003) ("Rule 8(a) 'dealing with the joinder of offenses, applies only to prosecutions involving a single defendant[,]' and . . . in a multi-defendant case . . . 'the tests for joinder of counts and defendants is [sic] merged in Rule 8(b).'" (quoting United States v. Somers, 496 F.2d 723, 729 n.8 (3d Cir. 1974))).

The government may include multiple co-defendants in a single conspiracy charge if the indictment alleges that all co-defendants participated in one overarching scheme. United States v. Eufrasio, 935 F.2d 553, 567 (3d Cir. 1991); see also United States v. Lane, 474 U.S. 438, 448 (1986); United States v. Price, 13 F.3d 711, 718 (3d Cir. 1994). The government is not required to allege that each defendant participated in or knew of every aspect of the conspiracy. Price, 13 F.3d at 718; United States v. Thornton, 1 F.3d 149, 153 (3d Cir. 1994). A conspiracy

3

charge will generally survive a Rule 8(b) challenge if it is accompanied by substantive counts that describe the overt acts performed in furtherance of the scheme. United State v. Serubo, 604 F.2d 807, 819 (3d Cir. 1979) (quoting Somers, 496 F.2d at 730.)

The movant bears the burden of establishing improper joinder. Brown,, 2002 WL 32739530, at *3; see also United States v. DeLuca, 137 F.3d 24, 36 n.12 (1st Cir. 1998). A court addressing the propriety of joinder may consider the contents of the indictment, representations set forth in pretrial filings, and any offers of proof submitted by the government.[2] See Eufrasio, 935 F.2d at 567; United States v. McGill, 964 F.2d 222, 242 (3d Cir. 1992).

Turning to the instant case, the charges against Martin are properly joined with those against his co-defendants. The indictment alleges that Martin participated in a conspiracy to distribute controlled substances and sets forth substantive distribution offenses against all defendants. (Doc. 828 at 1; Doc. 998 at 1-3.) On May 26, 2008, Martin delivered ten kilograms of cocaine to co-defendant Rogelio Lopez ("Rogelio") and non-defendant Luiz Zuniga ("Zuniga") in a Chicago parking lot via a car-switch transaction.[3] (Doc. 986 at 7-10; Doc. 998 at 2.) As two

---

[2] The government's brief in opposition (Doc. 998) and the transcript of Martin and Rogelio's joint suppression hearing (Doc. 986) describe the evidence supporting the drug-related and forfeiture charges. (See Doc. 960 at 4-7.) The court will construe this material as an offer of proof for purposes of the instant motion.

[3] A more detailed account of this exchange is set forth in the court's memorandum and order (Doc. 1048) denying Martin and Rogelio's joint motion to suppress evidence.

4

nearby police officers watched, Martin swapped vehicles with Rogelio and Zuniga without social formalities. (Doc. 986 at 11-15; Doc. 998 at 2.) The officers conducted an investigatory stop and seized the cocaine. (Doc. 998 at 4.) The government alleges that Rogelio planned to transport the cocaine to central Pennsylvania for distribution by other members of the conspiracy. (Id. at 4-6; Doc. 986 at 131-34.)

Although Martin never entered the Middle District of Pennsylvania, he allegedly aided conspiratorial objectives by delivering cocaine to Rogelio. The large quantity of cocaine indicates that Martin knew of Rogelio's distribution activities, and his lack of knowledge regarding the ultimate destination of the cocaine does not vitiate his intent to participate in the conspiracy. See United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999) ("The government need not prove that each defendant knew all of the conspiracy's details, goals, or other participants.") Joinder of the charges against Martin with those against his co-defendants is therefore proper under Rule 8(b).

### B. Severance of Counts

Properly joined charges may nevertheless be severed pursuant to Rule 14 if the joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). A court should sever charges "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539; United States v. Silveus, 542 F.3d 993, 1005-06 (3d Cir. 2008). "[A] defendant is not entitled to a severance merely because evidence against a co-defendant is more

5

damaging than evidence against the moving party." United States v. Lore, 430 F.3d 190, 205 (3d cir. 2005) (quoting Somers, 496 F.2d at 730). Rather, the defendant must demonstrate that "clear and substantial prejudice" will result if all counts of the indictment are tried jointly. United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005). Mere allegations of prejudicial joinder are insufficient to warrant severance, United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005), and separation of charges may be inappropriate if limiting instructions from the court can adequately manage the possibility that a jury might misuse evidence, Zafiro, 506 U.S. at 539 ("When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."); Brown, 2002 WL 32739530, at *4.

In the instant matter, Martin applies for severance on two grounds. First, he contends that evidence against his co-defendants will have a spillover effect on his case, causing a jury to convict him by relying on evidence pertinent only to other parties. Second, he asserts that Rogelio will offer exculpatory testimony on his behalf in a separate proceeding but that Rogelio will refuse to testify in a joint trial.

   1.   **Evidentiary Spillover**

Prejudice may result from evidentiary spillover if the government's case against a co-defendant is so overwhelming or complex that it will prevent the jury from "compartmentalizing the evidence against each defendant." United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992). For example, evidentiary spillover might occur in cases that involve many defendants with varying levels of culpability or

6

when evidence of one defendant's guilt also inculpates a co-defendant but is technically inadmissible against the latter. See, e.g., Bruton v. United States, 391 U.S. 123, 136-37 (1968); United States v. Balter, 91 F.3d 427, 432-33 (3d Cir. 1996) (citing Zafiro, 506 U.S. at 539). The moving party must demonstrate that the spillover effect creates prejudice of such severity that it impairs the party's rights at trial. Zafiro, 506 U.S. at 539. A defendant is not entitled to severance merely because some of the evidence to be offered at trial is not germane to the defendant's case or because the defendant's chance of acquittal increases in a separate proceeding. Urban, 404 F.3d at 775; Balter 91 F.3d at 433.

In the instant matter, Martin contends that he "will be prejudiced by the introduction of unrelated criminal activity against co-defendants." (Doc. 980 ¶ 9.) He has not identified which particular evidence allegedly gives rise to prejudice, nor has he explained how such prejudice impairs his rights at trial. This bald asseveration of prejudice is insufficient to gain severance of the charges against him. Moreover, the court has ascertained no means by which evidence against Martin's co-defendants will unduly prejudice his case. All actions performed by his co-defendants in furtherance of the conspiracy constitute overt acts thereof and are probative of the conspiracy charge against him regardless of severance. Jurors can readily distinguish Martin's role in the conspiracy from the roles of his co-conspirators and can understand that his co-defendants' actions are relevant insofar as they constitute overt acts performed in furtherance of the conspiracy. Any risk of juror confusion or improper use of evidence can be remedied through

7

limiting instructions, which Martin remains free to request. The court therefore concludes that evidence against Martin's co-defendants does not pose a risk of prejudicial spillover and does not require severance of the charges against him.

### 2. **Exculpatory Testimony**

Martin next requests severance because a joint trial will preclude Rogelio from offering exculpatory testimony on his behalf. The court considers the following four factors when evaluating a severance request to enable a co-defendant to testify: (1) the likelihood that the co-defendant will agree to testify and be available as a witness in a separate trial, (2) the degree to which the co-defendant's testimony may exculpate the proponent of severance, (3) the degree to which the co-defendant could be impeached in a separate proceeding, and (4) the effect of separate proceedings on judicial economy. United States v. Gonzalez, 918 F.2d 1129, 1137 (3d Cir. 1990); United States v. Boscia, 573 F.2d 827, 832 (3d Cir. 1978).

None of these factors favors severance in Martin's case. First, Martin has not demonstrated that Rogelio is actually willing to testify at a separate proceeding. To exculpate Martin from the conspiracy charge, Rogelio would likely have to admit that he was involved in the conspiracy and that Martin was simply a supplier with no knowledge of his distribution activities. Such testimony is highly unlikely due to the large quantity of cocaine that Martin allegedly delivered to Rogelio and the likelihood that Rogelio would invoke his Fifth Amendment privilege against such testimony. Martin's bare assertions that Rogelio *could* testify on his behalf without establishing Rogelio's *willingness* to do so are inadequate to justify severance. See

Gonzalez, 918 F.2d at 1137 (affirming the denial of a severance motion because defendant failed to demonstrate that his co-defendants would actually testify in separate proceedings).

The remaining factors likewise support denial of the suppression motion. Rogelio is unlikely to exonerate Martin because the drug transaction between them provides strong circumstantial evidence that Martin knew of the conspiracy's drug-trafficking activities. Exculpatory testimony by Rogelio would also fall subject to damaging impeachment because the suspicious nature of the transaction belies Martin's avowed ignorance of conspiratorial objectives. Finally, the government's case against Martin and Rogelio will necessitate identical testimony from the police officers who arrested and interrogated them. There is little reason to require these individuals to testify in multiple proceedings when all charges against both defendants can be expeditiously resolved in a single trial. Accordingly, the court concludes that Rogelio is unlikely to offer exculpatory testimony on Martin's behalf in a separate proceeding and that severance is unnecessary.

### C. Venue

Martin lastly challenges the venue of the criminal charges against him. "[T]he government must prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18. In a conspiracy case, venue is proper in any district in which any co-conspirator performed an act in furtherance of the conspiracy. United States v. Perez, 280 F.3d 318, 329 (3d Cir. 2002). Hence, the government may bring a co-conspirator to trial in a district in which he never set

foot provided that at least one of his compatriots performed an overt act within the district. In the instant matter, the indictment alleges that Martin's co-conspirators engaged in trafficking activities in the Middle District of Pennsylvania. The government may therefore advance the charges against him in this district.

## IV. Conclusion

The charges against Martin are property joined with those against his co-defendants, and he has not established that joinder will result in clear and substantial prejudice to his rights at trial. He has also failed to demonstrate that venue in this district is improper. Accordingly, his motion to sever or to transfer venue will be denied.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:     April 28, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0199-25** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **MARTIN LOPEZ** | : | |

## **ORDER**

AND NOW, this 28th day of April, 2009, upon consideration of defendant's motion (Doc. 980) to sever or transfer venue, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 980) is DENIED.

                                                S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge